UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS H. IBBISON, <br> *Plaintiff*, | : <br> : <br> : | Civil No. 3:22-CV-1163 (SVN) |
| v. | : <br> : | |
| ANGEL QUIROS, *et al.*, <br> *Defendants*. | : <br> : <br> : | November 1, 2024 |

**RULING ON DEFENDANT LEE'S MOTION TO DISMISS**

*Pro se* Plaintiff Thomas H. Ibbison, now a sentenced inmate, brings this action pursuant to 42 U.S.C. § 1983 asserting claims for violations of his constitutional rights while he was a pretrial detainee. Plaintiff contends that Defendant Dawn Lee was deliberately indifferent to his serious medical needs by failing to appropriately treat his dislocated shoulder. Defendant Lee has filed a motion to dismiss the claims against her, arguing that (1) Plaintiff's claims are barred by the applicable statute of limitations; (2) Plaintiff's claims fail to state a cognizable claim for relief; (3) Plaintiff failed to exhaust available administrative remedies; and (4) she is entitled to qualified immunity. For the following reasons, Defendant Lee's motion to dismiss is DENIED.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**[1]

The amended complaint contains the following allegations, which are accepted as true for the purpose of this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Prior to his admission to custody, Plaintiff was being treated for a shoulder-joint separation and labrum tear in his dominant right shoulder—injuries which caused him extreme and constant pain and loss of use. Am. Compl., ECF No. 20 ¶ 19. These injuries were not documented in his

---

[1] The Court includes only the facts relating to Defendant Lee's treatment (or lack thereof) of Plaintiff and those providing necessary background.

medical records upon intake. *Id.* ¶ 20.

On November 12, 2019, Plaintiff was assaulted by several correctional officers, resulting in dislocation of his shoulder. *Id.* ¶¶ 27–29. Following the assault, Plaintiff saw Defendant Lee for his injuries. *Id.* ¶ 30. Although Plaintiff stated that his shoulder was dislocated, Defendant Lee neither examined nor treated the shoulder injury, and did not send him to a hospital so that his shoulder could be put back into place. *Id.*

On November 14, 2019, two days after the incident, Plaintiff was taken for x-rays, which showed that Plaintiff suffered from a "grade 4 A/C joint separation with a 5mm calcified density likely within the bicep tendon sheath." *Id.* ¶ 39. He still had not been examined by a doctor. *Id.* ¶ 40.

On about November 28, 2019, a correctional officer harassed and threatened Plaintiff as he was returning from the dining hall, because Defendant Lee had generated an incident report regarding the November 12, 2019, incident. *Id.* Plaintiff was then transferred to another correctional facility. *Id.* ¶ 41. In July of 2020, Plaintiff underwent surgical repair of his labrum in the right shoulder, but not the A/C joint. *Id.* ¶ 54.

Plaintiff filed the original complaint in this action on September 15, 2022, naming sixty-two defendants, including Defendant Lee. *See* Compl., ECF No. 1. On February 3, 2023, the Court issued an Initial Review Order finding, in relevant part, that Plaintiff's Fourteenth Amendment deliberate indifference claim could proceed against Defendant Lee and other Defendants. ECF No. 11. After the Initial Review Order issued, Plaintiff was required to choose between proceeding on the claims that the Court had allowed to proceed in the Initial Review Order or amending his complaint. *Id.* Plaintiff initially expressed that he wished to proceed on the claims that the Court had allowed to proceed in the Initial Review Order, but also provided

additional factual allegations concerning a First Amendment retaliation claim. ECF No. 17. The Court therefore allowed Plaintiff one additional opportunity to file an amended complaint. *Id.* Plaintiff filed the amended complaint on May 5, 2023. ECF No. 20. Following another Initial Review Order assessing the amended complaint, the Court allowed Plaintiff to proceed, in relevant part, on his Fourteenth Amendment deliberate indifference to medical needs claims against Defendant Lee and other Defendants. ECF No. 23.

The Court then initiated the process of serving Defendants with the relevant materials. *Id.* As part of that process, the Court attempted to obtain the current work address for Lee, but was unable to do so. ECF No. 25. The Court directed Plaintiff to obtain Lee's address during the discovery process, after counsel appeared for another Defendant. *Id.* Following Plaintiff's submission of a motion to compel counsel for the various Department of Correction Defendants to provide him with, among other information, Lee's address, counsel appeared on behalf of Lee and waived service on her behalf on April 5, 2024. *See* ECF Nos. 47–49. The Court denied Plaintiff's motion to compel, ECF No. 52, and Lee timely moved to dismiss the claims against her in this action, ECF No. 53. Plaintiff opposes the motion. ECF No. 67.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted. When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 678.  This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*  In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).

The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008), and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

These pleading standards apply to self-represented parties.  It is true that Courts are under an obligation to extend "special solicitude" to *pro se* litigants and ought to read their pleadings "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)) (internal quotation marks omitted).  But at the same time, a *pro se* complaint must meet the basic pleading standards outlined above to survive a motion to dismiss. *Fowlkes*, 790 F.3d at 387 (citing *Twombly*, 550 U.S. at 570).

### III.   DISCUSSION

Lee moves to dismiss the claims against her on the grounds that the claims are time-barred;

4

Plaintiff's allegations fail to state a cognizable claim; Plaintiff failed to exhaust his administrative remedies on the claim against her; and Lee is entitled to the derivative protection of qualified immunity as a contracted agent of the state. For the reasons discussed below, all of these arguments fail, and Lee's motion to dismiss is denied.

A. Statute of Limitations

First, the Court holds that Plaintiff's claim(s) against Lee were timely filed and are not time-barred under the applicable statute of limitations.

The limitations period for filing an action under 42 U.S.C. § 1983 is three years, which is borrowed from the statute of limitations for analogous claims in Connecticut. *See Thompson v. Rovella*, 734 F. App'x 787, 788–89 (2d Cir. 2018) (summary order) (citing *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017)). Plaintiff alleges that Lee saw him only once, on November 12, 2019. To be timely filed, then, Plaintiff must have filed his complaint against her on or before November 12, 2022. Plaintiff filed his original complaint on September 15, 2022, naming "APRN Dawn Lee" as a defendant. Thus, Plaintiff timely filed this action against Lee.

The Court rejects Lee's arguments to the contrary. First, Lee is mistaken that the action did not commence against her until she waived service of process on April 5, 2024. Federal Rule of Civil Procedure 3 states that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. It is true that in cases asserting claims under state law that fall under a federal court's *diversity* jurisdiction, the Court looks to Connecticut state law for a determination of when a case is considered filed for statute of limitations purposes, and the Connecticut Supreme Court has "long adhered to the rule that only actual service upon the defendant will satisfy the state statutes of limitations." *Converse v. Gen. Motors Corp.*, 893 F.2d 513, 515 (2d Cir. 1990); *see also Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980). But this case is based on the Court's

5

*federal question* jurisdiction, not its diversity jurisdiction. The federal rule that an action is commenced when a complaint is filed therefore governs. *See Moss v. Wyeth, Inc.*, 872 F. Supp. 2d 154, 159 (D. Conn. 2012).

Second, to the extent Lee argues that she was not timely served or notified of the action until she waived service on April 5, 2024, this is not a valid basis for dismissal because of the special screening procedure utilized for prisoner Section 1983 cases. The Court construes this argument as a contention that the claims against Lee should be dismissed because service was not effected within ninety days after the complaint was filed, as required under Federal Rule of Civil Procedure 4(m). The Prison Litigation Reform Act ("PLRA") requires that the Court conduct an initial review of prisoner complaints before the complaints can be served. *See* 28 U.S.C. § 1915A(a) (requiring the district court to "review before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity"). Because of the initial review requirement, service deadlines in cases filed by prisoners typically are established by judicial order, overriding Federal Rule of Civil Procedure 4(m)'s otherwise standard requirement for plaintiffs to serve defendants within ninety days after a complaint is filed. *See Fraser v. Caribe*, No. 3:20-cv-71 (SVN), 2022 WL 1210720, at *5 n.4 (D. Conn. Apr. 4, 2022).

In addition, when an inmate files an action *in forma pauperis*, the responsibility for service is assumed by the Court. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . ."); *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986) (*pro se* prisoner-litigant proceeding *in forma pauperis* was "entitled to rely on service by the U.S. Marshals"). Because a prisoner must rely on the Court and the United States Marshals Service to effect service of the complaint, any delay attributed to the Court or the Marshals Service "automatically

constitutes good cause preventing dismissal under Rule 4(m)." *Calhoun v. Blumenthal*, No. 3:10-CV-180 (VLB), 2011 WL 1399045, at *2 (D. Conn. Apr. 12, 2011) (citation and internal quotation marks omitted). Indeed, the Second Circuit has held that before dismissing a civil rights complaint filed by an incarcerated plaintiff, "[t]he district court may pursue any course that it deems appropriate" to cause service to be effected on the defendants. *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (*per curiam*); *see also Duncan v. Timo*, No. 99 CIV. 0978 (LAK) (FM), 2000 WL 124823, at *1 (S.D.N.Y. Feb. 2, 2000) (court enlisted assistance in ascertaining service addresses for defendants no longer working at address provided by plaintiff, rather than dismissing claims for failure to effect timely service); *Carney v. Davis*, No. 90 Civ. 2591, 1991 WL 150537, at *3 (S.D.N.Y. June 26, 1991) (declining to dismiss *pro se* prisoner's action despite delay in service); *Williams v. Allen*, 616 F. Supp. 653, 655–56 (E.D.N.Y. 1985) (declining to dismiss *pro se* prisoner's action even though service was delayed for 3½ years).

Here, the Department of Correction was unable to provide a service address for Defendant Lee as she was not a correctional employee. In accordance with the Second Circuit's direction in *Valentin*, the Court instructed Plaintiff to request a service address through discovery after any Defendant filed an appearance, and extended the deadline for him to provide this information until the Court had an opportunity to rule on Plaintiff's motion to compel. ECF Nos. 25, 47. Lee appeared and waived service of summons before the Court ruled on the motion to compel. ECF Nos. 48, 49. To the extent Lee is seeking dismissal of this case for untimely service, her motion is therefore denied.

B. <u>Failure to State a Claim</u>

Lee next argues that Plaintiff fails to state a cognizable Eighth Amendment claim for deliberate indifference to a serious medical need. As the Court explained in the Initial Review

Order analyzing the amended complaint, Plaintiff's claims are cognizable under the Fourteenth, not the Eighth, Amendment, because Plaintiff was a pretrial detainee at the relevant time. *See* ECF No. 23 at 12–13 (reiterating statements from Initial Review Order that Fourteenth Amendment governs deliberate indifference claims brought by pretrial detainees and citing *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)). Thus, the Court considers the claim under the Fourteenth Amendment.

### 1. Failure to Comply with Federal Rule of Civil Procedure 8(a)

The Court holds that the amended complaint adequately complies with Rule 8(a). Lee contends that the amended complaint fails to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), because Plaintiff did not include a list of his claims against each Defendant. In his recitation of facts, however, Plaintiff clearly alleges that Lee failed to provide any medical treatment on November 12, 2019. Given the Second Circuit's direction to liberally construe *pro se* pleadings, the Court previously determined that Plaintiff stated a plausible claim for deliberate indifference to medical needs against Lee. The allegations, and the Court's clear statement of the claim against Lee in the Initial Review Orders, are sufficient to inform Lee of the claim against her.

### 2. Failure to State a Cognizable Claim

A claim that a prison official has acted with deliberate indifference under the Fourteenth Amendment involves analysis of two prongs: (1) an objective prong, which requires a plaintiff to show that "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process"; and (2) a subjective or "*mens rea*" prong, which requires a plaintiff to show that the defendant "acted with at least deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at 29.

The first prong of a deliberate indifference claim is the same under the Eighth and Fourteenth Amendments. *Id.* at 35. To satisfy the first prong of a deliberate indifference claim, the plaintiff must show that the conditions he experienced "either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Id.* at 30. The objective prong is satisfied "when (a) the prisoner was actually deprived of adequate medical care, meaning prison officials acted unreasonably in response to an inmate health risk under the circumstances, and (b) the inadequacy in medical care is sufficiently serious." *Bellotto v. Cnty. of Orange*, 248 F. App'x 232, 236 (2d Cir. 2007) (amended summary order) (citation omitted)). "If the unreasonable care consists of a failure to provide any treatment, then the court examines whether the inmate's condition itself is sufficiently serious." *White v. Williams*, No. 9:12-CV-1892, 2016 WL 1237712, at *9 (N.D.N.Y. Jan. 11, 2016) (citing *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003), *report and recommendation adopted*, 2016 WL 1239263 (N.D.N.Y. Mar. 29, 2016).

A "sufficiently serious" deprivation of a plaintiff's right to due process can exist if the plaintiff suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including the existence of "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal citation omitted). Lee does not argue that Plaintiff's dislocated shoulder is not a serious medical need. Thus, the Court assumes that Plaintiff has sufficiently alleged that first prong of the deliberate indifference test.

9

To meet the second prong of the deliberate indifference test for purposes of a Fourteenth Amendment violation, the plaintiff must show that the defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell,* 849 F.3d at 35. An official's negligence is not enough; the detainee "must prove that an official acted intentionally or recklessly, and not merely negligently." *Id.* at 36. Notably, courts have found reckless conduct where the plaintiff did not receive treatment for a documented injury. *See King v. Falco*, No. 16-CV-6315 (VB), 2018 WL 6510809, at *9 (S.D.N.Y. Dec. 11, 2018).

Plaintiff alleges that he saw Lee for a few minutes while being escorted to restrictive housing. He states that she did not provide any treatment for his complaints of severe pain and a dislocated shoulder. ECF No. 20 ¶ 30. The Court has determined that Plaintiff's allegation that he told Lee of his pain and dislocated shoulder, but she provided no treatment, is sufficient at this stage of litigation to plausible allege that Lee recklessly failed to act with reasonable care to mitigate the effects of Plaintiff's pain and dislocated shoulder. ECF No. 23 at 15.

Lee suggests that the medical records Plaintiff attached to his amended complaint do not support his allegations. ECF No. 53 at 9. But she does not direct the Court to any particular medical records she contends conflict with the allegations or show that she was not deliberately indifferent to Plaintiff's medical needs. Even if she had, her argument would fail, because "even documents that may be considered on a motion to dismiss normally should not be considered for the truth of any statements made therein." *SEC v. Medallion Fin. Corp.*, No. 21 Civ. 11125 (LAK), 2022 WL 3043224, at *2 (S.D.N.Y. Aug. 2, 2022) (noting that, on a motion to dismiss, "the Court should not find facts by weighing competing inferences"); *see also Roth v. Jennings*, 489 F.3d 499,

510 (2d Cir. 2007). Thus, even if there are statements in Plaintiff's medical records supporting Lee's contention that she was not deliberately indifferent to Plaintiff's medical needs, the Court cannot consider the statements for their truth in deciding this motion.

Lee's motion to dismiss is therefore denied on the ground that Plaintiff fails to state a claim for deliberate indifference to medical needs.

### C. Exhaustion of Administrative Remedies

Next, the Court concludes that it cannot dismiss the amended complaint against Lee on the grounds that Plaintiff has failed to exhaust available administrative remedies.

The PLRA requires a prisoner pursuing a federal lawsuit to exhaust available administrative remedies *before* a court may hear his case. *See* 42 U.S.C. § 1997e(a) (providing in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion"; the inmate must use all steps required by the administrative review process applicable to the institution in which he is confined and do so properly. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates "using all steps that the [government] agency holds out and doing so properly"). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador*, 655 F.3d at 96; *see also Jones*, 549 U.S. at 211.

Exhaustion of administrative remedies is an affirmative defense, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *See Jones*, 549 U.S. at 216. Because it is an affirmative defense, the defendant bears the burden of proof. *See Smith v. Kelly*, 985 F. Supp. 2d 275, 284 (N.D.N.Y. 2013). Once the defendant establishes that administrative remedies were not exhausted before the inmate commenced the action, the plaintiff must establish that administrative remedy procedures were not available to him under *Ross*, or present evidence showing that he did exhaust his administrative remedies. *Id.*

Dismissal under Rule 12(b)(6) for failure to exhaust administrative remedies is appropriate only if a plaintiff's failure to exhaust is evidenced on the face of the complaint. *See Jones*, 549 U.S. at 214; *McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003) ("If nonexhaustion is clear from the face of the complaint (and incorporated documents), a motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted."); *see also Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) ("An affirmative defense may be raised by a [Rule 12(b)(6) motion to dismiss], without resort to summary judgment procedure, if the defense appears on the face of the complaint.").

Lee states that Plaintiff's administrative remedies are appended to the amended complaint and argues that no administrative remedy specifies her by name or describes her failure to treat Plaintiff on November 12, 2019. Review of the amended complaint, however, reveals only one Inmate Request attached as Exhibit 6. ECF No. 20 at 25. There are no administrative remedies attached. As Plaintiff is not required to plead exhaustion of administrative remedies and Plaintiff's failure to exhaust administrative remedies is not apparent on the face of the amended complaint, Lee's motion to dismiss is denied on this ground.

D.  Qualified Immunity

Finally, Lee argues that she enjoys derivative protection of qualified immunity as a state contracted agent. Lee provides no authority for this assertion and the Court's research suggests that qualified immunity is not available in this scenario. To the contrary, the case law suggests the opposite. *See, e.g., Richardson v. McKnight*, 521 U.S. 399, 404–12 (1997) (holding that private prison guards were not entitled to defense of qualified immunity even though prison guards directly employed by the government enjoy such immunity); *Toussle v. Powell*, 323 F.3d 178, 183 (2d Cir. 2003) (holding that private defendants are not generally entitled to defense of qualified immunity on section 1983 claims); *Bender v. General Servs. Admin.*, 539 F. Supp. 2d 702, 714 (S.D.N.Y. 2008) (citing cases from other circuits rejecting qualified immunity defense for private parties operating under contract with the government, including private provider of prison medical services).

Further, even if a defense of qualified immunity were available, assertion of the defense is not warranted at this time. Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity "affords government officials 'breathing room' to make reasonable—even if sometimes mistaken—decisions." *DiStiso v. Cook*, 691 F.3d 226, 240 (2d Cir. 2012) (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 553 (2012)).

"In determining whether state actors are entitled to qualified immunity under federal law, [the Court] consider[s] two factors: (1) whether the facts presented make out a violation of a constitutional right; and (2) whether the right at issue was clearly established when it was allegedly

13

violated." *Torcivia v. Suffolk Cnty.*, 17 F.4th 342, 367 (2d Cir. 2021) (internal quotation marks and citation omitted). "Only Supreme Court and Second Circuit precedent existing at the time of the alleged violation is relevant in deciding whether a right is clearly established." *Id*. (internal quotation marks and citation omitted). "In evaluating these two factors, [the Court] look[s] to the specific context of the case at bar rather than broad general proposition[s]." *Id*. (internal quotation marks and citation omitted). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal quotation marks and citation omitted). Although precedent need not be directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Qualified immunity may be successfully asserted on a motion to dismiss the complaint. However, the defense "faces a formidable hurdle" at the pleading stage. *Horn v. Stephenson*, 11 F.4th 163, 169–70 (2d Cir. 2021). When considering a motion to dismiss, the court draws all reasonable inferences in favor of the plaintiff both from the facts alleged in the complaint that support his claims and the facts that that would defeat the qualified immunity defense. *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).

Plaintiff has alleged sufficient facts to state a plausible claim for deliberate indifference to medical needs against Lee. It is clear that a prison medical provider who intentionally or recklessly disregards a serious medical injury by providing no treatment would violate the Fourteenth Amendment and no reasonable prison medical provider would believe otherwise. Thus, at this stage of litigation, Lee has not show that, even if she is entitled to assert a defense of qualified immunity, dismissal based on qualified immunity is warranted at this time. Defendant Lee's motion to dismiss is therefore denied on this ground.

## IV. CONCLUSION

For the reasons described in this ruling, Defendant Lee's motion to dismiss, ECF No. 53, is DENIED. Defendant Lee shall file an answer to the amended complaint by **November 22, 2024.**

**SO ORDERED** at Hartford, Connecticut, this 1st day of November, 2024.

>   */s/ Sarala V. Nagala*
>   SARALA V. NAGALA
>   UNITED STATES DISTRICT JUDGE