UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Thomas H. Ibbison,<br><br>                Plaintiff,<br><br>v.<br>Angel Quiros, *et al*,<br><br>                Defendant. | Civil No. 3:22-CV-01163 (SVN)<br><br>September 4, 2025 |

### RULING ON PENDING MOTIONS (ECF Nos. 222, 229, 230)

Plaintiff, Thomas H. Ibbison, moves this Court to enter an order approving his Application for Authorization of Costs and Expenses (ECF No. 222), moves to compel discovery from the State Defendants*[1]* (ECF No. 229), and seeks to reopen discovery for the limited purpose of conducting expert discovery and depositions (ECF No. 230). The State Defendants did not file an opposition to Plaintiff's motions. For the reasons that follow, Plaintiff's Application for Authorization of Costs and Expenses is **GRANTED** in an amount no greater than $400. **ECF No. 222**. Plaintiff's Motion to Compel Discovery from the State Defendants is **GRANTED in part and DENIED in part as limited in this order**. **ECF No. 229**. Plaintiff's Motion to Reopen Discovery for the Limited Purpose of Conducting Expert Discovery and Depositions is **GRANTED**. **ECF No. 230**.

---

[1] The State Defendants are: C.O. Calvin Reynoso, Lieutenant Brian Stadalnik, Kayla Lozada, RN, Yvonne Marceau, RN, Allison Hill, RN, Shayna Graham, RN, Dr. Syed Naqvi, Krystal Myers, RN and Samantha Lockery.

1

**BACKGROUND**

Plaintiff filed this action *pro se* on September 15, 2022. This Court originally scheduled completion of all discovery by November 12, 2024, and expert witness disclosures by August 12, 2024. ECF No. 41. The record shows an extensive history of Court intervention to manage the exchange of discovery materials and completion of discovery. ECF Nos. 155 (2/5/2025), 162 (2/13/2025), 174 (2/28/2025), 196 (4/16/25). Plaintiff made diligent efforts to comply with outstanding discovery deadlines, despite his incarceration and lack of financial resources and legal knowledge. ECF Nos. 70, 74, 134. At the discovery status conferences with the Court held throughout 2025, among other concerns, Plaintiff articulated concerns over the lack of preservation of video evidence despite having sent a video preservation request.

On May 1, 2025, the Court granted Plaintiff's Motion for Appointment of Counsel and appointed *Pro Bono* counsel. ECF No. 202, 204. The parties were ordered to meet and confer after counsel filed their appearances and to file a Joint Discovery Status Report. ECF NO. 202, 217.[2] Plaintiff also provided a supplemental report outlining outstanding discovery issues, particularly in relation to the State Defendants. A follow-up discovery conference was held on June 30, 2025. ECF Nos. 221, 223, 224. At this conference, Plaintiff requested leave to compel additional interrogatory responses, depose certain State Defendants, and retain an expert. The State Defendants objected. ECF 224.

The Court with input from the parties set a briefing schedule: Plaintiff would move to compel by July 30, 2025 and the State Defendants would file their objection by September 3, 2025. ECF No. 224. The State Defendants failed to file an objection to the pending motions by the court ordered deadline. Nor, did they make any effort to file a motion for extension of time. The State

---

[2]    Plaintiff's *Pro Bono* counsel filed appearances on May 9, 2025. ECF Nos. 207-210.

Defendants' failure to respond to the Motion to Compel is yet another example of their failure to diligently prosecute this matter. Nevertheless, the Court has considered each of Plaintiff's requests on its merits.

**DISCUSSION**

1. ***MOTION TO COMPEL DISCOVERY FROM THE STATE DEFENDANTS***

Plaintiff moves for an order compelling the State Defendants to provide DOC policies and procedures regarding video preservation, complete answers to Interrogatories 3, 4, 12, 13, and 14, Connecticut Department of Corrections ("DOC") Patient Prioritization Transport policies and procedures, and any Patient Prioritization Transport documents regarding the Plaintiff, and DOC policies and procedures regarding inmate injury classification (ECF No. 224).

These interrogatories and requests for production were served prior to the expiration of the discovery deadline. *See* ECF No. 229-2, ¶¶ 3-6 (Aff. Att. Pipenbacher) (stating that Plaintiff initially served interrogatories on the State Defendants on March 10, 2024, and again on January 30, 2025).

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Information is "relevant" if it "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see In re PE Corp. Secs. Litig.*, 221 F.R.D. 20, 23 (D. Conn. 2003). The burden

3

of demonstrating relevance is on the party seeking discovery. *Ayuso v. Butkiewieus*, No. 3:17CV00776 (AWT), 2019 WL 1110794, at *2 (D. Conn. Mar. 11, 2019).

"Because the Federal Rules . . . are to be construed liberally in favor of discovery, . . . the party resisting discovery bears the burden of showing why discovery should be denied." *In re Aggrenox Antitrust Litig.,* No. 3:14-CV-572 (SRU), 2017 WL 5885664, at *1 (D. Conn. Nov. 29, 2017). Here no such showing has been made by the State Defendants.

***Interrogatory Nos. 3 and 4:*** are GRANTED in part and MODIFIED as follows:

***Interrogatory No. 3***. The State Defendant should identify any disciplinary action received for allegations of misconduct similar to those alleged in this case, while employed with the Department of Corrections, and limited to a time period five years prior to the incident through the present time.

***Interrogatory No. 4***: The State Defendant should identify any cases where they have been a named Defendant for allegations of misconduct similar to those alleged in this case, while employed with the Department of Corrections, limited to a time period five years prior to the incident through the present time.

***Interrogatory Nos. 12 and 13***: are GRANTED in part and MODIFIED as follows: At the time of Mr. Ibbison's injury, can you describe the standard of care for treating an inmate with a dislocated shoulder as well as an A.C. joint separation and torn labrum in his right dominant shoulder? And do you believe your actions were consistent with the standard of care at the time of Mr. Ibbison's injury? Why or why not?

***Interrogatory No. 14:*** is GRANTED in part. Each of the responding State Defendants will produce all DOC policies and procedures that the responding Defendants claim they complied with in executing their duties and responsibilities toward Plaintiff relating to the November 2019

incident. To the extent that any of the State Defendants claim that they complied with inmate injury classification policies and procedures, in their dealing/treatment of Plaintiff, the applicable policies and procedures shall be produced.

***Preservation of Video Footage***: The issue of the video preservation has been an issue repeatedly raised by Plaintiff at the status conferences, which the parties have been unable to resolve. Plaintiff submits that a video preservation request was made in 2019 and attaches the request for "Camera Preservation" made on an Inmate Request Form to his Motion to Compel (ECF No. 229-3). Given the State Defendants' position that the videos do not currently exist, and Plaintiff's position that the Defendants had a duty to preserve such videos, Plaintiff's Motion to Compel the State Defendants to produce copies of DOC policies and procedures regarding preservation of video footage at DOC facilities, including preservation of fixed camera footage and information regarding the type of video recordings required following Class 1 through 3 incidents is GRANTED.

***Patient Prioritization Transport Documents:*** Plaintiff's Motion to Compel the State Defendants to produce copies of the Patient Prioritization Transport ("PPT") documents, including policies and procedures regarding the PPT process generally (now, and at the time of the November 12, 2019 incident and November 15, 2019 follow-up appointment) and as applied to Plaintiff at the time of the November 12 incident and November 15 follow-up visit is GRANTED in part. The State Defendants shall produce policies and procedures for PPT processes in place limited to the November 2019 time period.[3]

---

[3] The parties are reminded that there is a Standing Protective Order in place (ECF No. 4), and that to the extent there are concerns about the disclosure of certain information, the parties can designate information in accordance with the Standing Protective Order.

2. ***MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF CONDUCTING EXPERT DISCVOERY AND DEPOSITIONS (ECF No. 230)***

Plaintiff seeks to reopen discovery for the limited purpose of retaining a medical expert, specifically an orthopedic surgeon with expertise in shoulder injuries and treatment of A/C joint separation, to testify regarding damages. Plaintiff also seeks to depose State Defendant Reynoso, fact witness APRN Sarah Schauer, and conduct a 30(b)(6) deposition of the Connecticut Department of Corrections.[4]

Rule 16(b) of the Federal Rules of Civil Procedure requires that a schedule be modified only for "good cause" and with consent of the court. Fed. R. Civ. P. 16(b). Pursuant to the Federal Rules, parties "are not to undertake discovery outside the limits set forth in the Court's Scheduling Order without *first* seeking the Court's permission to do so, upon a showing of good cause." *Sellitto-Taylor v. McLean Affiliates, Inc.*, No. 3:20-CV-00162 (CSH), 2021 WL 950323, at *4 (D. Conn. Mar. 12, 2021) (emphasis in original).

To demonstrate good cause according to the requirements of Rule 16(b), the party moving to reopen discovery must "show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Urso v. Mohammad*, No. 3:20CV0674 (JBA), 2023 WL 3259877, at *2 (D. Conn. May 4, 2023) (quoting *Sokol Holdings, Inc. v. BMD Munai, Inc.,* 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009)).

While a court may deny a motion to reopen discovery on lack of diligence alone, the court may also consider the following "nonmandatory" factors: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4)

---

[4] In the Application for Authorization for Costs and Expenses (ECF No. 222), Plaintiff sought permission to depose Defendant Lee. That request was denied at a telephonic status conference on June 30, 2025, given that Defendant Lee had already filed for summary judgment and allowing that discovery at this juncture would be unfairly prejudicial to Defendant Lee. In the Motion to Reopen Discovery, Plaintiff did not renew his request to depose Defendant Lee.

6

whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence. *Urso*, 2023 WL 3259877 at *4. The "'good cause' standard is intended not only to ensure fairness to both sides, but also to ensure that district courts can effectively manage their dockets and prevent undue delays in the disposition of cases." *In re: Gen. Motors LLC*, No. 14-MC-2543 (JMF), 2016 WL 2766654, at *2 (S.D.N.Y. May 12, 2016). Accordingly, while the court may consider all of the nonmandatory factors, the diligence of the moving party is the most significant factor to weigh. *Connecticut Gen. Life Ins. Co. v. Biohealth Lab'ys, Inc.,* No. 3:19CV1324 (JCH), 2023 WL 5568235, at *5 (D. Conn. June 12, 2023).

Courts have routinely "reopened discovery following appointment of counsel to a *pro se* litigant where the trial in that case was not imminent, defendants were not prejudiced since the discovery would be conducted expeditiously, and such discovery would lead to relevant evidence." *Williams v. Fischer*, No. 13CV118, 2015 WL 3522431, at *3 (W.D.N.Y. June 4, 2015) (citing *Shapard v. Attea*, No. 08-CV-6146 (CJS), 2015 WL 866892 (W.D.N.Y. Mar. 2, 2015) (granting motion to reopen discovery and stating that the defendants "will not be prejudiced, most notably because the Court expects that the additional discovery will be completed expeditiously")).

With these factors in mind, the Court finds that reopening discovery for a limited purpose is warranted. *Pro Bono* counsel was appointed on May 1, 2025. Within a relatively short time frame, they met with their client, reviewed the case and discovery requests and materials, held a meet and confer and provided the Court with an update. Any prejudice to the State Defendants resulting from reopening discovery would be minimal. There are no pending dispositive motions

7

from the State Defendants. The case has not been scheduled for trial, and the Court believes that the requested discovery can be completed expeditiously. The retention of a medical expert, specifically an orthopedic surgeon with expertise in shoulder injuries and treatment of A/C joint separation, is likely to lead to relevant evidence and support a claim for damages.[5] Similarly, the deposition of Defendant Calvin Reynoso, a 30(b)(6) deposition and fact witness APRN Sarah Schauer is limited in scope and likely to lead to relevant evidence. Plaintiff estimates he will need less than two hours to depose State Defendant Reynoso and APRN Schauer and three hours to depose a CT DOC 30(b)(6) witness. ECF No. 222 at ¶ 2. Accordingly, the Motion to Reopen Discovery for the Limited Purposes of Conducting Expert Discovery and Depositions is GRANTED. ECF. No. 230.

### 3. *APPLICATION FOR AUTHORIZATION OF COSTS AND EXPENSES (ECF No. 222)*

Plaintiff, through his counsel, moves the Court to authorize him to incur *pro bono* expenses and costs associated with taking the depositions of Defendant Calvin Reynoso, non-party witness APRN Sarah Schauer, who provided medical treatment to Plaintiff during the relevant period, and the 30(b)(6) representative of the Connecticut DOC. Plaintiff estimates that the depositions of State Defendant Reynoso, and APRN Schauer will take two hours each and the 30(b)(6) deposition will take three hours. He estimates that the costs and expenses associated with these depositions will be approximately $400.

---

[5] Plaintiff has not made a request for authorization of costs and expenses related to the proposed medical expert. The Court's ruling is limited to the Plaintiff's request to permit him to retain and disclose a medical expert. If Plaintiff intends to proceed with retention of an expert and is seeking reimbursement of costs, Plaintiff shall file a motion in accordance with Local Rule 83.10(k).

Based on the foregoing, the Court will reopen discovery to permit these depositions. and authorizes Plaintiff's counsel to incur *pro bono* expenses in the amount of $400, pursuant to D. Conn. L. Civ. R. 83.10(k).

**CONCLUSION**

For the reasons stated, Plaintiff's Application for Authorization of Costs and Expenses is **GRANTED** in an amount no greater than $400. **ECF No. 222**. Plaintiff's Motion to Compel Discovery from the State Defendants is **GRANTED in part as limited in this order**. **ECF No. 229**. Plaintiff's Motion to Reopen Discovery for the Limited Purpose of Conducting Expert Discovery and Depositions is **GRANTED**. **ECF No. 230**.

The State Defendant's compliance with discovery ordered by the Court shall be made within fourteen (14) days of the filing of the Court's order. D. Conn. L. Civ. R. 37(d). The parties will meet and confer by September 12, 2025 to discuss scheduling the permitted depositions. By September 19, 2025 the parties shall file a proposed scheduling order for the completion of depositions and finalizing the limited expert discovery contemplated in this Order.

This is not a recommended ruling. This ruling and order is a "determination of [a] nondispositive motion[] . . . relating to discovery." D. Conn. L. Civ. R. 72(C)(2). As such, it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. It is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

*/s/ Maria E. Garcia, U.S.M.J.*
Hon. Maria E. Garcia
United States Magistrate Judge